**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MICHAEL WARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:16-cv-00060-SLC** |
| | ) | |
| **CITY OF FORT WAYNE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On April 17, 2018, the parties informed the Court during a telephonic status conference that the parties had reached an agreement to settle this case, and the Court directed the parties to file a stipulation of dismissal within 14 days. (DE 72). The parties, however, failed to file the stipulation. On June 13, 2018, the Court held a telephonic status conference during which Attorney Christopher Myers, counsel to Plaintiff Michael Ward, advised the Court that the case had indeed settled but that Ward would not honor the settlement. (DE 75).

On June 14, 2018, Defendants filed a Motion to Enforce Settlement Agreement. (DE 76). Ward has not filed a response to the motion, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A). For the following reasons, Defendants' motion will be GRANTED.

*A. Factual Background*

The relevant facts as represented by Defendants are as follows: On April 16, 2018, Attorney Myers informed Attorney Carolyn Trier, counsel to Defendants, that Ward accepted Defendants' offer of $6,000 to settle this lawsuit, and that Ward is not considered a prevailing party and is not entitled to any additional money for attorney fees. (DE 76 at 1). That same day, Attorney Trier sent a letter to Attorney Myers confirming that this case had settled for $6,000,

and that Ward is not the prevailing party and that the $6,000 settlement amount includes attorney fees. (DE 76-1). Attorney Trier enclosed a Release and Hold Harmless Agreement (the "Release") with the letter, which Ward was to sign and have notarized and return, together with a stipulation to dismiss and a proposed court order. (DE 76-1). Attorney Trier stated that once she received the signed and notarized Release back from Attorney Myers, she would order the settlement check from the City of Fort Wayne, send the settlement check to Attorney Myers, and then file the stipulation and proposed court order. (DE 76-1).

On May 11, 2018, Attorney Trier sent a letter to Attorney Myers inquiring about the status of the Release. (DE 76-2). On May 30, 2018, Attorney Trier sent another letter to Attorney Myers asking about the status of the Release. (DE 76-2). On June 14, 2018, Defendants filed the instant motion to enforce the settlement agreement. (DE 76).

### B. Applicable Legal Standard

"The district court has inherent authority to enforce a settlement agreement reached in litigation pending before it." *Tuttle v. SMS Corp. Of Am.*, No. 1:07-cv-1238-DFH-JMS, 2008 WL 4082433, at *1 (S.D. Ind. Aug. 29, 2008) (citing *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996); *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995)); *see also Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 935 (7th Cir. 2001); *Sims-Madison v. Inland Paperboard & Packaging*, 379 F.3d 445, 448-50 (7th Cir. 2004). An agreement to settle claims in a federal court is enforceable "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). State contract law governs issues regarding the formation, construction, and enforceability of a settlement agreement. *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000).

2

Under Indiana law, which governs here, an agreement to settle a lawsuit is generally enforceable. *Zimmerman v. McColley*, 826 N.E.2d 71, 76-80 (Ind. Ct. App. 2005). As "[s]ettlement agreements are governed by the same general principles of contract law as any other agreement," they require "[a]n offer, acceptance, [and] consideration." *Id*. at 76. "It is established that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id*. (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

Agreements to settle are "enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454 (7th Cir. 1986) (internal quotations omitted) (applying Indiana law); *see Whittington v. Trs. of Purdue Univ.*, No. 2:09 cv 9, 2011 WL 1336514, at *2 (N.D. Ind. Apr. 5, 2011) ("The parties must knowingly and voluntarily enter into the agreement either personally or by providing their attorneys with authority to settle." (citation omitted)). Once an agreement is reached, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient . . . ." *Glass*, 788 F.2d at 454 (citation omitted). A party who has previously authorized a settlement remains bound by its terms even if he changes his mind. *Id.* at 454-55.

### C. Discussion

Ward has not responded to Defendants' motion to enforcement the settlement agreement, and therefore, the motion is unopposed. The evidence presented by Defendants in the motion (DE 76-1 to DE 71-3), as well as the representations of both parties' counsel at the telephonic status conferences on April 17, 2018, and June 13, 2018 (DE 72; DE 75), indicate that there was

"a meeting of the minds" between the parties with respect to the terms of the settlement. *Fox Dev., Inc. v. England*, 837 N.E.2d 161, 165 (Ind. Ct. App. 2005); *see Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005) (stating that the subjective intent of the parties is not relevant and that Indiana courts look to the outward manifestation of the parties' intent to determine if there truly was a meeting of the minds). The parties agreed that Defendants will pay $6,000 to Ward, which amount includes attorney fees, to settle all of Ward's claims against Defendants arising out of the July 23 and July 24, 2014, incident. Because there was a valid offer, acceptance, and consideration as to the material terms of the settlement, *see Zimmerman*, 826 N.E.2d at 76-80, there is a valid and enforceable settlement agreement.

That Ward now may feel unhappy about the settlement is "neither here nor there." *Allen v. Dana*, No. 1:10-cv-281 PPS-RBC, 2011 WL 3163232, at *2 (N.D. Ind. July 26, 2011) (collecting cases). Ward remains bound by the terms of the settlement even if he has since had a change of heart. *See id.* at 454-55. Consequently, Defendants' motion to enforce the settlement agreement will be GRANTED.

### D.  Conclusion

For the foregoing reasons, Defendants' Motion to Enforce Settlement Agreement (DE 76) is GRANTED. Ward is ORDERED to tender (through counsel) the signed and notarized Release to Defendants on or before July 30, 2018. Upon receipt, Defendants' counsel is to promptly order the settlement check from the City of Fort Wayne and then send it to Ward's counsel, and then file the stipulation and proposed court order.

SO ORDERED. Entered this 16th day of July 2018.

 /s/ Susan Collins
Susan Collins
United States Magistrate Judge

4